IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-02297-BNB

DARRELL FORTNER,
JENNIFER FORTNER,
YEVETTE FORTNER,
MATTHEW NICCOLI,
WILLY R. SCOTT,
JEFFERY SCOTT,
RAY ROZAK II,
LINDA ROZAK,
JUDITH A. SCOTT,
JAMES SCOTT,
ERIC SCOTT,
DIANE APODACA,
LESLIE E. APODACA,
ANTHONY DAVID,
LAUREN DAVID,
KENT OSBORNE,
MARIE TURNER,
JACE TURNER,
SUE FLETCHER,
PATRICIA MAIN,
CHRISTOPHER MAIN,
JOHN SCHRAEDEL,
JENNIFER SCHRAEDEL,
ANNA SKINNER,
JOHN BRADSHAW,
JEFFREY YONKEY,
JANICE H. WOODARD,
ANDREA G. ROBERSON,
LISA BRANT,
ROGER L. CHRISTIANSEN,
CLAUDIA F. CHRISTIANSEN,
LISA AKERLUND,
KENT G. ROBERSON,
EDWIN E. BUSBY,
LINDA L. BUSBY,
TRACY WHITING,
FLOYD NEISWANGER,
JILL JONES-BIRD,
JEAN N. KEENAN,
GALE WESTMORELAND,

SHARON BOWEN,
PAUL HUNTSMAN,
CHARMAINE VIALPANDO,
DEBBIE HUTCHINSON,
VICKY CONTRERAS,
ZACHARY MUNDAHL,
SUSAN BARNHILL,
BETTY FITZPATRICK,
DALE GARDNER,
IVY SEIGEL,
LEE SEIGEL,
BARBARA HOFFMANN,
DICK HOFFMANN,
MICHAEL TURNER,
ANN M. GAFFNEY,
GEOFF PACKETT,
LEE ANN NILLES,
KEVIN LARSON, and
DOES, One Through Five Hundred, Plaintiffs, in Pro se

Plaintiffs,

v.

STATE OF COLORADO,
COUNTY OF EL PASO, COLORADO,
BLACK FOREST FIRE BOARD, and
DOES, One Through One Hundred,

Defendants.

---

**ORDER**

---

This action is brought by 58 individual plaintiffs, pro se. By an Order [Doc. # 5], I set the matter for a hearing on September 22, 2014, at 1:00 p.m., to address whether joinder of the pro se plaintiffs is appropriate. Subsequently, on September 19, 2014, some (but not all) of the pro se plaintiffs filed a Motion to Vacate Hearing of Sept. 22, 2014, and Unopposed Motion to

Voluntarily Dismiss Without Prejudice (the "Motion to Vacate and Dismiss").[1]

Certain filings made after the Complaint but before the Motion to Vacate and Dismiss raised doubts about whether all of the purported plaintiffs actually consented or intended to be joined as plaintiffs in the action.  See Letter [Doc. 10] (requesting to be removed from the suit); Letter [Doc. # 25](same); Letter [Doc. # 30] (same); Letter [Doc. # 31] (same).  Consequently, I denied the Motion to Vacate and Dismiss insofar as it sought to vacate the September 21 status conference.  Order [Doc. # 34].  The status conference occurred as scheduled.

Thirty of the 58 pro se plaintiffs failed to attend the status conference despite my repeated order and warning that "[e]ach pro se plaintiff must appear at the status conference in person" and "[f]ailure to appear in person may result in the imposition of sanctions."  Orders [Doc. ## 5, 34].  The impracticality of this action proceeding as a single case with 58 pro se plaintiffs is clearly demonstrated by the fact that not all plaintiffs signed the Motion to Vacate and Dismiss and that not all plaintiffs appeared at the status conference.  See Chambers v. Roberts, 2013 WL 6670521 *2 (D. Kan. Dec. 18, 2013)(noting the logistical difficulties attendant to multi-plaintiff pro se actions because each plaintiff must sign every pleading and the pro se litigants must meet to discuss the joint litigation); Pinson v. Whetsel, 2007 WL 428191 *1 (W.D. Okla. Feb. 1, 2007)(stating that joinder of six pro se plaintiffs in a single action "would create grave logistical problems and potentially unforeseen consequences").

The parties attending the status conference confirmed their desire to dismiss this action without prejudice.  The Motion to Vacate and Dismiss [Doc. # 33] fails to comply with the

---

[1]The Motion to Vacate and Dismiss was filed twice and is on the court's docket sheet at Doc. ## 32 and 33.

requirements of Rule 41(a)(1)(A), Fed. R. Civ. P., however, which requires either (1) a notice of dismissal joined by all plaintiffs filed before the defendants serves either an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared, both plaintiffs and defendants.  Here, the defendants do not oppose dismissal without prejudice, but that cannot be effectuated unless all of the pro se plaintiffs join in the request.  I am informed that the plaintiffs believe that they can find the remaining plaintiffs within 30 days and obtain their joinder in the request to dismiss without prejudice.

I will allow the plaintiffs the requested 30 days to locate the remaining defendants and obtain their consent to dismissal without prejudice.  In the event that does not occur, I will enter an order requiring the plaintiffs who did not appear today to show cause why the action should not be dismissed under local rule 41.1, D.C.COLO.LCivR, for failure to comply with my orders to appear at the status conference and failure to prosecute.  In the meantime, the plaintiffs are relieved of their responsibility to respond to the State's Motion to Dismiss [Doc. # 18] until further order of the court, and the County and Fire Board need not respond to the Complaint until further order of the court.

IT IS ORDERED:

(1)     The Motion to Vacate and Dismiss [Doc. # 33] is DENIED;

(2)     The parties may have to and including October 22, 2014, within which to file a notice or stipulation of dismissal joined in by all necessary parties in compliance with Fed. R. Civ. P. 41(a)(1)(A);

(3)     The plaintiffs' response to the State's Motion to Dismiss [Doc. # 18] is continued pending further order of the court; and

(4)     The obligations of the County and Fire Board to answer or otherwise respond to the Complaint is continued pending further order of the court.

Dated September 22, 2014.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge