IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  14-cv-02297-BNB

DARRELL FORTNER,
JENNIFER FORTNER,
YEVETTE FORTNER,
MATTHEW NICCOLI,
WILLY R. SCOTT,
JEFFERY SCOTT,
RAY ROZAK II,
LINDA ROZAK,
JUDITH A. SCOTT,
JAMES SCOTT,
ERIC SCOTT,
DIANE APODACA,
LESLIE E. APODACA,
ANTHONY DAVID,
LAUREN DAVID,
KENT OSBORNE,
MARIE TURNER,
JACE TURNER,
SUE FLETCHER,
PATRICIA MAIN,
CHRISTOPHER MAIN,
JOHN SCHRAEDEL,
JENNIFER SCHRAEDEL,
ANNA SKINNER,
JOHN BRADSHAW,
JEFFREY YONKEY,
JANICE H. WOODARD,
ANDREA G. ROBERSON,
LISA BRANT,
ROGER L. CHRISTIANSEN,
CLAUDIA F. CHRISTIANSEN,
LISA AKERLUND,
KENT G. ROBERSON,
EDWIN E. BUSBY,
LINDA L. BUSBY,
TRACY WHITING,
FLOYD NEISWANGER,
JILL JONES-BIRD,
JEAN N. KEENAN,
GALE WESTMORELAND,

SHARON BOWEN,
PAUL HUNTSMAN,
CHARMAINE VIALPANDO,
DEBBIE HUTCHINSON,
VICKY CONTRERAS,
ZACHARY MUNDAHL,
SUSAN BARNHILL,
BETTY FITZPATRICK,
DALE GARDNER,
IVY SEIGEL,
LEE SEIGEL,
BARBARA HOFFMANN,
DICK HOFFMANN,
MICHAEL TURNER,
ANN M. GAFFNEY,
GEOFF PACKETT,
LEE ANN NILLES,
KEVIN LARSON, and
DOES, One Through Five Hundred, Plaintiffs, in Pro se

Plaintiffs,

v.

STATE OF COLORADO,
COUNTY OF EL PASO, COLORADO,
BLACK FOREST FIRE BOARD, and
DOES, One Through One Hundred,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Unopposed Motion to Dismiss Without Prejudice** [Doc. # 63, filed 10/20/2014] (the "Second Motion to Dismiss"), which is GRANTED.

The action is brought by 58 individual plaintiffs, pro se. I held a status conference on September 22, 2014, to address whether joinder of the pro se plaintiffs is appropriate. Prior to the status conference, 42 of the pro se plaintiffs filed a Motion to Vacate and Dismiss [Doc. #

2

33] (the "First Motion to Dismiss").  I denied the First Motion to Dismiss [Doc. #33], however, because it failed to comply with the requirements of Rule 41(a)(1)(A), Fed. R. Civ. P.  That rule requires either (1) a notice of dismissal joined by all plaintiffs filed before the defendants serves either an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared, both plaintiffs and defendants.

Here, the defendants do not oppose dismissal without prejudice, but that cannot be effectuated unless all of the pro se plaintiffs join in the request.  The Second Motion to Dismiss [Doc. # 63] is signed by 57 of the 58 pro se plaintiffs; only Jeffrey Yonkey has not signed it.

The Second Motion to Dismiss [Doc. # 63] recites that at the September 22 status conference "Jeffrey Yonky did stand before this Court not only once but twice and clearly infirmed [sic] the court that [] 'He did wish to withdraw from this civil action.'" Id. at p. 1.  It is accurate that Mr. Yonkey requested at the September 22 status conference that he be removed from the action.

Rule 41(a)(2), Fed. R. Civ. P., provides in relevant part that, absent compliance with the provisions of Rule 41(a)(1),  "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Such a request has been made by all of the plaintiffs, although Mr. Yonkey's request was made orally at the status conference.  Under these circumstances, dismissal of the action without prejudice is warranted.

IT IS ORDERED that the Second Motion to Dismiss [Doc. # 63] is GRANTED, and the action is dismissed without prejudice.

Dated October 21, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge